# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

     Respondent,

    v.

ANTHONY BURR,

     Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

No. 70055-3-I

DIVISION ONE

UNPUBLISHED

FILED: April 28, 2014

2014 APR 28 AM 9: 35

COURT OF APPEALS DIV I
STATE OF WASHINGTON
FILED

Cox, J. – Anthony Burr appeals his judgment and sentence, claiming that the trial court erred when it denied his motion to suppress all evidence because the traffic stop that preceded the discovery of evidence was pretextual. Because a suspected traffic infraction was an actual, conscious, and independent cause of the traffic stop, we disagree.

The State charged Burr with one count of possession of a controlled substance with intent to manufacture or deliver with a firearm and one count of unlawful possession of a firearm in the second degree.

The charges were based on an incident that occurred in March 2010. Deputy Bryan Brittingham saw a car turn left onto 112 Street SE in Snohomish County. Once on this street, the car changed lanes without using a turn signal. Deputy Brittingham also noted that the vehicle was traveling approximately 15 miles per hour below the posted speed limit.

Deputy Brittingham conducted a traffic stop of the car. He immediately recognized the driver as Anthony Burr. He was aware that Burr was a convicted felon who had recently been found in possession of a loaded firearm. Deputy Brittingham asked Burr to keep his hands on the steering wheel, but Burr kept moving his hand to his left pants pocket.

Deputy Brittingham removed Burr from the car and patted him down for weapons. Deputy Brittingham found 8 grams of methamphetamine in Burr's pocket. He also searched Burr's car after obtaining a warrant and recovered a loaded handgun. The handgun had been reported stolen.

Burr moved to suppress all evidence on the grounds that Deputy Brittingham lacked probable cause to stop Burr and the stop was pretextual.

At a hearing on the motion, the trial court orally denied the motion. It concluded that there was sufficient evidence to establish probable cause that a traffic infraction had occurred. It later entered written findings of fact and conclusions of law on the motion.

Burr stipulated to a bench trial on agreed documentary evidence. The trial court found Burr guilty as charged. The trial court later entered findings of fact and conclusions of law on the conviction.

Burr appeals.

## MOTION TO SUPPRESS

Burr argues that the trial court erred when it denied his motion to suppress evidence because the traffic stop was pretextual. Specifically, he argues that "[a]lthough [Deputy Brittingham] had a valid reason to stop Burr for the improper

2

lane change, the true reason for the stop was to determine whether [Burr] was driving under the influence." We disagree.

"'As a general rule, warrantless searches and seizures are per se unreasonable.'"[1] But a warrantless seizure is valid if it falls within the scope of one of the narrowly drawn exceptions to the warrant requirement.[2]

Law enforcement officers may conduct a warrantless traffic stop if they have a reasonable and articulable suspicion that a traffic violation has occurred or is occurring.[3] The State bears the burden of proving that a warrantless seizure falls within an exception to the warrant requirement.[4]

But "pretextual traffic stops violate article I, section 7, [of the Washington constitution] because they are seizures absent the 'authority of law' which a warrant would bring."[5] A pretextual stop is when the officer "relies on some legal authorization as 'a mere pretext to dispense with [a] warrant when the true reason for the seizure is not exempt from the warrant requirement.'"[6]

---

[1] State v. Ladson, 138 Wn.2d 343, 349, 979 P.2d 833 (1999) (internal quotation marks omitted) (quoting State v. Hendrickson, 129 Wn.2d 61, 70, 917 P.2d 563 (1996)).

[2] Id. at 349-50.

[3] Id. at 349.

[4] Id. at 350.

[5] Id. at 358.

[6] State v. Arreola, 176 Wn.2d 284, 294, 290 P.3d 983 (2012) (alteration in original) (quoting Ladson, 138 Wn.2d at 358).

When determining whether a stop is pretextual, courts consider the totality of the circumstances, including "both the subjective intent of the officer as well as the objective reasonableness of the officer's behavior."[7]

"So long as a police officer actually, consciously, and independently determines that a traffic stop is reasonably necessary in order to address a suspected traffic infraction, the stop is not pretextual in violation of article I, section 7, despite other motivations for the stop."[8]

This court reviews de novo conclusions of law such as whether a stop is pretextual.[9]

Here, the trial court heard and found credible the testimony of Deputy Brittingham. And the trial court concluded that Deputy Brittingham "had a reasonable suspicion to believe [Burr] committed a traffic infraction and conducted a proper Terry stop on [Burr's] vehicle."[10] With this conclusion, it implicitly rejected any argument that the stop was pretextual.

The trial court appears to have considered Deputy Brittingham's subjective intent and objective reasonableness as evidenced by its findings of fact that Deputy Brittingham testified that he saw Burr's car change lanes "without using a turn signal," that "the vehicle was traveling approximately 15 miles below the

---

[7] Ladson, 138 Wn.2d at 358-59.

[8] Arreola, 176 Wn.2d at 288.

[9] Id. at 291.

[10] Clerk's Papers at 122.

posted speed limit," and that "Deputy Brittingham conducted a traffic stop [of] the car."[11]

Additionally, Deputy Brittingham's testimony offered further insight about his subjective motivations. He testified that on March 17, 2010, he was on duty as a patrol officer. His duties include making traffic stops and enforcing traffic laws. He testified that his attention was drawn to Burr's car because it was driving very slowly. Deputy Brittingham then observed the car change lanes without using a turn signal. He activated his lights and pulled Burr over.

Deputy Brittingham testified that, based on these driving actions, it crossed his mind that the driver might be under the influence. But he testified several times that he stopped Burr for failure to use his turn signal.

The trial court did not make any finding that Deputy Brittingham had a brief thought that the driver was under the influence. Thus, we assume the trial court did not find this of any consequence.

Further, even if we were to accept Burr's arguments that Deputy Brittingham was also motivated by a desire to investigate a possible DUI, our conclusion is the same. As the supreme court held in State v. Arreola, a "mixed-motive stop" does not violate article I, section 7 so long as the police officer makes an independent and conscious determination that "a traffic stop to address a suspected traffic infraction is reasonably necessary in furtherance of

---

[11] Id. at 121-22.

traffic safety and the general welfare."[12] As the court stated, "That remains true even if the legitimate reason for the stop is secondary and the officer is motivated primarily by a hunch or some other reason that is insufficient to justify a stop."[13]

In sum, Deputy Brittingham had a reasonable articulable suspicion that Burr committed a traffic infraction and decided that a traffic stop was reasonably necessary. Accordingly, the trial court properly rejected Burr's argument that the traffic stop was pretextual.

Burr argues that Deputy Brittingham did not cite Burr for the traffic infraction and that this is one factor to consider when determining the officer's subjective intent for making the stop. That may be true, but that factor is not dispositive.[14] Here, the totality of the circumstances support the court's conclusion that the stop was not pretextual. Burr's argument to the contrary is not persuasive.

Burr also argues that it is "reasonable to infer from the circumstances that Deputy Brittingham stopped Burr to investigate for DUI."[15] But even if this was the primary reason for the stop, under Arreola, this inference does not alter our analysis because Deputy Brittingham had an actual, conscious, and independent reason to stop Burr based on the traffic infraction.[16]

---

[12] 176 Wn.2d 284, 298-99, 290 P.3d 983 (2012).

[13] Id. at 299.

[14] State v. Hoang, 101 Wn. App. 732, 742, 6 P.3d 602 (2000).

[15] Brief of Appellant at 12.

[16] 176 Wn.2d 284, 298-99, 290 P.3d 983 (2012).

Burr argues that <u>Arreola</u> is not fatal to his case because Deputy Brittingham did not testify that he made a "conscious decision" to stop Burr for failure to use his turn signal, that he did not say how often he stopped cars for failing to signal, and he did not testify that this stop was "reasonably necessary in furtherance of traffic safety and the general welfare."[17]

But, as discussed previously, Deputy Brittingham expressly testified that the reason for the stop was the traffic infraction, and <u>Arreola</u> does not require the officer to explicitly state that this stop is "necessary for the general welfare." Based on the record, the trial court considered Deputy Brittingham's subjective intent and the objective circumstances as required under Washington law. Burr's argument is not persuasive.

We affirm the judgment and sentence.

COX, J.

WE CONCUR:

---

[17] Brief of Appellant at 14.